# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARBARA BLANCHARD, ) | |
| ) | No. 16 C 2117 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the U.S. Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant's Motion for Reconsideration. [Dkt. 25.] On April 17, 2017, the Court reversed the decision by the Commissioner denying Plaintiff Barbara Blanchard's claim for Supplemental Security Income, remanding the matter back to the agency for further proceedings. [Dkts. 23, 24.] On May 23, 2017, Defendant filed its Motion for Reconsideration, seeking relief pursuant to the provisions of Rule 59(e). [Dkt. 25.] Plaintiff then filed a timely response to the Government's motion on May 24, 2017. [Dkt. 27.] For the reasons that follow, Defendant's motion is denied.

## DICUSSION

"When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Because the Government's motion was brought 36 days after entry of final judgment, it was effectively brought as a Rule 60(b) motion.

Rule 60(b) provides six grounds for relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Relief under Rule 60(b) is an extraordinary remedy which is only granted in exceptional circumstances. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204–05 (7th Cir. 1984). Furthermore, "a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal." *Banks*, 750 at 667 (internal quotations and citations omitted.) Accordingly, grounds such as "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Banks*, 750 F.3d at 667; *see also Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("[L]egal error is not a proper ground for relief under Rule 60(b).")

Here, the only argument advanced by the Government asserts that the Court made an error of law. *See* Defendant's *Motion for Reconsideration*, [Dkt. 25 at 1] ("the sole basis for reversing the Commissioner's decision was based on legal error . . ."). Because "[a] Rule 60(b) Motion is not an appropriate vehicle to raise arguments that were or should have been raised on appeal or in a motion under Rule 59(e)", the Government has failed to establish it is entitled to relief under Rule 60(b). *Cunliffe v. Wright*, No. 12-cv-6334, 2016 WL 3568721 at *2 (N.D. Ill. June 30, 2016).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration [Dkt. 25] is denied.

**ENTER:**

**DATED:** 8/25/2017

_____
Susan E. Cox
United States Magistrate Judge