**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA BLANCHARD, | ) | |
| | ) | No. 16 C 2117 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of the U.S. Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). [Dkt. 31.] For the reasons that follow, Plaintiff's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a SSI application on June 29, 2011, alleging a disability onset date of February 1, 2011. (R. 131–36.) Her initial application was denied on August 2, 2011 and again at the reconsideration stage on March 8, 2012. (R. 68–79.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on April 19, 2012, which was held on January 15, 2013. (R. 80, 38–65.) Plaintiff appeared at the hearing with her attorney. On March 14, 2013, the ALJ issued a written decision denying Plaintiff's application for DIB. (R. 24–34.) The Appeals Council ("AC") denied review on April 9, 2014. (R. 12–17.)

Plaintiff appealed that decision, and this Court reversed and remanded the case because the ALJ had failed to consider Plaintiff's non-severe ailment of plantar fasciitis in formulating the ALJ's residual functional capacity ("RFC") assessment. (Dkt. 23.) Defendant Nancy A.

1

Berryhill (the "Commissioner") then moved for reconsideration, arguing that Plaintiff's plantar fasciitis "did not meet the twelve-month durational requirement of the Social Security Act," which required the ALJ "to omit it from his analysis." (Dkt. 25 at 1.) The Court denied that motion because it was not timely filed pursuant to Federal Rule of Civil Procedure 59(e), and an "error of law" is not a valid ground to bring a motion pursuant to Federal Rule of Civil Procedure 60(b).

Plaintiff then moved for attorney's fees pursuant to the EAJA, which provides that a district court may award attorney's fees where: 1) the claimant is a prevailing party; 2) the government was not substantially justified; 3) no "special circumstances" make an award unjust; and 4) the fee application is submitted within 30 days of the final judgment and is supported by an itemized statement. *Golembiewski v. Banrnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A).) The Commissioner's response to the motion focuses solely on whether the government's position was substantially justified; as such, the Court will only consider that issue in its opinion below.

## **DICUSSION**

The Court finds that the Commissioner's position was substantially justified. Although the EAJA does not define the term "substantially justified," the Supreme Court "has defined the term to mean 'justified to a degree that could satisfy a reasonable person.'" *Greer v. Apfel*, 172 F.3d 53 (7th Cir. 1998) (quoting *Pierce v. Underwood*, 487 U.S. 552, 562 (1988)). Ultimately, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994.) The EAJA does not require that the agency's arguments be correct in order for them to be

substantially justified; in fact, the "Commissioner's position may be substantially justified even if it turns out to be completely wrong." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).

As noted in the Commissioner's brief to the instant motion, there is a durational consideration of twelve months in order for a claimant's impairment to be found disabling. For example, the federal regulations state that "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 406.909. If this durational requirement were applied to all impairments suffered by a claimant (*i.e.*, both severe and non-severe impairments), the Commissioner's position would have been correct, and the ALJ would not need to consider Plaintiff's plantar fasciitis in the RFC finding. As such, it was not irrational for the Commissioner to maintain that Plaintiff had to suffer from plantar fasciitis for at least twelve months in order for it to factor into the ALJ's FRC analysis, and the position was substantially justified.

However, the Court continues to maintain that the ALJ's decision was flawed; the durational requirement does not free an ALJ from his or her duty to consider all impairments (including non-severe impairments) in making a finding on the claimant's RFC. From the Court's review, the durational requirements cited by the Commissioner only concern whether the claimant's condition can rise to the level of a severe impairment that would permit a finding that the claimant is disabled, as defined in the Social Security Act.[1] The Court has found no such durational requirements for non-severe impairments. In fact, ALJs regularly find that an impairment that lasts less than twelve months is, by definition, a non-severe impairment. *See, e.g.*, *Gray v. Astrue*, 2011 WL 332540, at *4 (N.D. Ill. Jan. 28, 2011); *Pawlikowski v. Astrue*, 2009 WL 2515608, at *7 (N.D. Ill. Aug. 17, 2009). Moreover, it is well established that "[w]hen

---

[1] The Commissioner does not challenge the ALJ's finding that Plaintiff suffered from other severe impairments, including diabetes, obesity, and hypertension. (*See* Dkt. 23.)

determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010). Therefore, if an impairment that lasts fewer than twelve months is necessarily non-severe, and an ALJ must consider non-severe impairments in determining a claimant's RFC, the ALJ in this case was required to consider Plaintiff's plantar fasciitis in the RFC determination, even if that condition lasted fewer than twelve months. In other words, the Commissioner's position may have been substantially justified, but the ALJ's decision required the Court to remand for the reasons articulated in its previous opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act is denied.

**ENTER:**

**DATED:** 11/9/2017

_____

Susan E. Cox
United States Magistrate Judge

4